WAGNER, *Plaintiff in Error*, v. THE MISSOURI PACIFIC RAILWAY COMPANY.

1. **Railroads:** PERSONAL INJURY: PLEADING. Where it appears from the petition in an action against a railroad company by a widow for the wrongful death of her husband, under Revised Statutes, 1879, section 2121, that the injury to the deceased resulted from the neglect of defendant's servants while operating the train to discharge the master's duty to the deceased while on the train, but it does not appear what relation the deceased sustained to the defendant at the time, the petition fails to show the measure of defendant's duty to the deceased, and is, for this uncertainty, obnoxious to a timely objection for that reason. But where the answer tenders the issue that deceased was not at the time a passenger on the train, in which issue plaintiff joins, and the trial is proceeded with, the objection is waived and affords no ground for new trial, and cannot be considered on writ of error or appeal.

2. ———: PASSENGER: NEGLIGENCE: SPECIAL TRAIN. A railroad company is not bound to receive or transport passengers on special trains, running for the particular purposes of the road, and not for the convenience of the traveling public; but it is its privilege to do so, and if it receives a person on such train for the purpose of being transported from one place to another, it assumes toward him the same duties as if he had been a passenger traveling on the same train on its regular trips, and the passenger, in such case, assumes no risks other than on a regular trip, except such as are necessarily incident to the character of the train and the purposes for which it is being run.

Wagner v. The Missouri Pacific Ry. Co.

3. ——— : ——— : ——— : ———. Where a mixed train, run only during the week for the carriage of freight and passengers, was ordered out on Sunday, made up in the usual way and operated by the same conductor and train-men as during the week, and the conductor in charge permitted a person to take passage thereon, the latter, in the absence of any notice of the conductor's want of authority to do so, and without any collusion between him and the conductor to defraud the company of its fare, whether he paid fare or not, became a passenger of defendant, and as such entitled to have the train managed with the care. that is due from a common carrier to its passengers on a train of that character.

4. ——— : ——— : ——— : ———. The evidence, in an action by a wife for the wrongful death of her husband while on such train, showing such facts, she was entitled to go to the jury upon the issue that he was lawfully on defendant's train as a passenger at the time he was killed.

5. ——— : ——— : ——— : PRACTICE. Where the evidence showed that plaintiff's husband was killed by the derailment of the train which was a special freight train consisting of an engine, tender, box-car and several flat-cars ; that the engine was running in front in a reversed position, on a rough track, which was dangerous, and that the rate of speed of the train was too great for safety ; that deceased and others were riding on a flat-car with the knowledge of the conductor and brakeman who told them that the box-car would be a better and more comfortable place; that they were not warned that their position was one of danger, and that there was no rule or order, of which they had notice, forbidding them to be on the flat-car ; and tended to show that the derailment was caused by the improper and negligent management of the train, plaintiff is entitled to have the jury pass on the question of defendant's negligence and the absence of contributory negligence on the part of the deceased.

*Appeal from Callaway Circuit Court.*—HON. G. H. BURCKHARTT, Judge.

REVERSED AND REMANDED.

*Edwin Silver* for plaintiff in error.

(1) All omissions and defects in the petition, if such in fact exist, are cured by the answer. The latter avers expressly and in terms that deceased was not a

passenger on defendant's train ; that he was unlawfully and wrongfully thereon and was a trespasser.    Plaintiff filed a general denial.    Omission to state a material fact will be obviated if the other party, by his pleading, puts the matter in issue.    *Lemon v. Chanslor*, 68 Mo. 340 ; *Strivers v. Howe*, 62 Mo. 473 ; *Garth v. Caldwell*, 72 Mo. 622 ; *Hughes v. Carson*, 90 Mo. 399.    In the case at bar, the defendant, by its answer, distinctly and expressly made, tendered the issue not only that the deceased was wrongfully on the train, but that he was not a passenger.    (2)    When the rules of the company forbid the carrying of passengers on freight trains, but the conductor relaxes the rule and permits passengers to be carried, the company will be responsible for want of care in transportation.    *McGee v. Railroad*, 92 Mo. 208 ; *Dunn v. Railroad*, 58 Me. 187 ; *Creed v. Railroad*, 86 Pa. 139 ; *Railroad v. Cheneworth*, 42 Pa. 382 ; *Lucas v. Railroad*, 33 Wis. 41 ; *Wilton v. Railroad*, 107 Mass. 108 ; *Jacobs v. Railroad*, 20 Minn. ; 41 Wis. 142. (3)    The deceased was not guilty of contributory negligence in riding on the freight train.    The conductor merely suggested to him that it was better to ride on the flat-car, not that it was safer.    This was at most but advisory, and the failure of deceased to leave the flat-car did not, as a matter of law, render him guilty of such contributory negligence as to bar recovery.    *Hicks v. Railroad*, 64 Mo. 434. Besides the failure of deceased to leave the flat-car did not relieve defendant of its duty to exercise due care.    *Keith v. Peckham*, 43 Me. 501 ; *Jacobs v. Railroad*, 20 Minn. 120 ; *Creed v. Railroad*, 86 Pa. St. 144.    (4)    The negligence of defendant's servants which caused the death of the deceased occurred after the alleged contributory negligence of the deceased in taking his position on the car.    The latter was therefore not the proximate cause of the injury and the defendant is liable.    *Keim v. Railroad*, 90 Mo. 314 ; *Scoville v. Railroad*, 81 Mo. 434 ; *Werner*

*v. Railroad,* 81 Mo. 368; *Strauss v. Railroad,* 75 Mo. 185; *Swigert v. Railroad,* 75 Mo. 475. One person being in fault will not dispense with another using ordinary care. *Butterfield v. Forrester,* 11 East, 60; *Davis v. Mann,* 10 Mees. & W. 548; *Radley v. Railroad,* 18 Eng. Rep. [Moak] 37.

*T. J. Portis* and *Smith & Krauthoff* for defendant in error.

(1) The petition does not state facts sufficient to constitute a cause of action, in that it is not therein affirmatively alleged that the deceased, at the time of his injury, was a passenger lawfully or rightfully on defendant's train of cars. (2) The conveyance on which the deceased sustained his injury was shown by the uncontradicted evidence to have been an extra or special freight train not designed for the transportation of passengers, a supply and construction train expressly forbidden by the rules of the company to carry passengers. The day of the injury it was Sunday and no card or other trains carried passengers over said road on that day of which notice was published in the newspapers in the city of Jefferson where deceased resided. Here the deceased was carried in said train by sufferance of the employes of the company in charge of said train where neither sufferance or invitation was authorized by the course of their employment. *Snyder v. Railroad,* 60 Mo. 413; *Whitehead v. Railroad,* 22 Mo. App. 60; *Eaton v. Railroad,* 57 N. Y. 382. (3) A principal is not liable for the acts of his servants or agents beyond the sphere of his employment, and for employes of a railway to invite or permit persons to ride gratuitously is outside of their employment. Train-men are not hired for that sort of service, and it is not in their power to impose a burden upon their employers in that respect. So when one rides without defendant's permission, as when he is invited or suffered to ride gratuitously by defendant's employes, who have no right

to carry any one free, there can be no recovery in case of injury. *Snyder v. Railroad*, 60 Mo. 413; *Sygo v. Newbold*, 9 Exch. 302; *Eaton v. Railroad*, 57 N. Y. 382; *Robertson v. Railroad*, 22 Barb. 91; *Flower v. Railroad*, 69 Pa. St. 210; *Railroad v. Nichols*, 8 Kan. 505; *Moss v. Johnson*, 22 Ill. 633; *Quinn v. Perver*, 24 N. Y. 102; *Railroad v. Moore*, 49 Tex. 31; *Marvin v. Weber*, 52 N. Y. 270; *Elkins v. Railroad*, 23 N. H. 275; *Coal Co. v. Heman*, 86 Pa. St. 418. (4) When the plaintiff offers no evidence that he was in the exercise of care, but on the contrary the whole evidence upon which the case rested showed that the deceased was careless, the court may rightfully instruct the jury as a matter of law that the action cannot be maintained. *McKeen v. Railroad*, 42 Mo. 79; *Higgins v. Railroad*, 36 Mo. 436; *Adams v. Carlish*, 21 Peck, 146; *Lucas v. Railroad*, 6 Gray, 64; *Garrett v. Railroad*, 16 Gray. (5) If the deceased was a passenger, then if he, by his own misconduct or negligence, contributed to the injury, there can be no recovery for such injury. *Higgins v. Railroad*, 36 Mo. 418; *Sherman v. Railroad*, 72 Mo. 62. (6) The plaintiff's evidence conclusively shows that the deceased was guilty of such contributory negligence as ought to preclude a recovery. *Malay v. Railroad*, 84 Mo. 270; *Powell v. Railroad*, 76 Mo. 80; *Taylor v. Railroad*, 86 Mo. 457; *Railroad v. Jones*, 95 U. S. 442; *Daggett v. Railroad*, 34 Io. 284; *Railroad v. Clemmons*, 55 Tex. 88; *Railroad v. Lane*, 83 Ill. 448; *Hickey v. Railroad*, 14 Allen, 429; *Quinn v. Railroad*, 51 Ill. 495; *Ward v. Railroad*, 11 Abb. [N. S.] 411.

BRACE, J.—In this action the plaintiff seeks to recover five thousand dollars damages for the negligent killing of her husband (Christopher Wagner) by defendant's servants.

The petition charges that her husband, on the eighteenth day of December, 1881, being on defendant's train of cars between the town of Russellville and the

city of Jefferson, was injured and did die, and said
injury and death resulted from and was occasioned by
the negligence of the defendant, its agents and servants
in running and operating its engine and train of cars on
which said deceased was, in this, to-wit: That said
agents and servants of defendant did negligently,
improperly, carelessly and recklessly operate and run
said train, with its engine and tender reversed, over a
newly constructed roadbed at a highly improper, too
great and injurious rate of speed, and did otherwise so
carelessly and negligently run and manage said train
that part thereof was thrown from the track and said
train was wrecked, in consequence of which negligent,
careless and improper conduct of defendant, its servants
and agents, said Christopher Wagner was, on said
December 18, 1881, injured and from said injury did on
said day die.

The answer to plaintiff's petition was a general
denial and also set up "that the deceased was not a
passenger on said train of cars, but was wrongfully and
unlawfully on said train, and a trespasser thereon, and
further that said deceased was guilty of negligence, con-
tributing in whole or in part to his injuries or death," in
this, that he wrongfully got upon the flat-car next to the
locomotive, which was a dangerous place, and refused to
leave the same when requested so to do by the conductor.
The replication denied the new matter set up in the
answer.

At the conclusion of the plaintiff's evidence, the
court sustained an instruction in the nature of a
demurrer to the evidence and the jury returned a ver-
dict for the defendant. Plaintiff's motion for a new
trial having been overruled, the case is brought here by
writ of error.

The evidence offered by plaintiff went to show that
for some time prior to the accident, which occurred on
Sunday, December 18, 1881, the defendant had been

operating the Jefferson City, Lebanon & Southwestern Railway, between Jefferson City and the town of Russellville, that during this time it ran, Sunday excepted, a daily mixed train, that is, one carrying both freight and passengers ; that on the Sunday of the accident, the same train, made up in the usual manner, having same combination or passenger coach, and with the same conductor and crew as on week-days, was ordered by the defendant to proceed from Jefferson City to Russellville as a special or extra, to take supplies consisting of iron rails, spikes and the like, for the track-layers engaged south of Russellville in laying track ; that about nine o'clock A. M., it left the depot at Jefferson City, having iron rails, etc., in the freight cars and a number of persons in its passenger coach, among whom was the deceased. The train proceeded a short distance from the depot in Jefferson City, when its further progress was interrupted by one of the freight cars running off the track. Thereupon the conductor returned to the depot, and while there the persons in the passenger coach got out, and a number of them, among them the deceased, went to the freight car next to the locomotive which was ahead of the break in the train. This was a box-car loaded with rails and was the only car taken out by the engine ; it had no seats or accommodations for passengers, the combination car and the balance of the train being left at Jefferson City. When the conductor returned from the depot, he told those who had gone to the freight car, that they had better not go, that he would not have any cars for them to come back in, and they would have to stay out there. They said they would take the chances of getting back, got in the car and went to Russellville in it, using the rails in the car for seats. Of the number who thus boarded this car, the deceased and three others, Berry, Zuendt and Monnig were killed in the accident which occurred on the return trip. There was no evidence tending to show that the deceased or any of the party with whom he was, paid or offered to pay fare, or

that any fare was demanded of them going or returning. The train, consisting of the locomotive, tender and the box-car, with Wagner, Zuendt, Berry and others in it, proceeded in safety to Russellville. After the arrival at Russellville and dinner there, the conductor proceeded to make up the train for the return trip to Jefferson City. He made it up as follows : First, the tender and locomotive reversed, tender being in lead of locomotive, a flat-car next to engine ; then a box-car, and then several other flat-cars.

The evidence shows that the deceased and the three others who were likewise killed in the accident, took their places on an improvised seat on the flat-car next to the engine. The seat was made by those on the car putting the ends of a plank upon two empty spike kegs. The plank was put up to them by the conductor, who requested them, however, to go into the box-car, telling them it would be a better place for them to ride. They said they wanted to ride on the flat-car to see the country. They made the same reply to the brakeman, who told them that the box-car was a better and more comfortable place to ride. The conductor said nothing more, got into the box-car, and the train started, and was running at a rate of speed variously estimated at from fifteen to twenty miles an hour, when, at a distance of about one mile and a half from Russellville, on a down-grade, the train jumped the track. The jarring of the flat-car on which the deceased and his companions were, caused by the jerking of the engine after its derailment, hurled them from the car, underneath the trucks of the engine, and in the wreck, the deceased and another were killed, and two others so injured that they afterwards died. There were no guards or sideboards around the flat-car, nothing by which those on it could catch hold, and no one was injured on the train except those on the flat-car.

The evidence further tended to show the grades,

curves, newness and unsettled condition of the roadbed at the place where the wreck occurred, and the liability of a train with engine and tender reversed and moving as this was, to be derailed when moving at a high rate of speed, and tended to prove that the servants of the defendant were guilty of negligence in running this train, made up as it was, over this road in the condition it then was, at the rate of speed it was being run at the time the wreck occurred.

I. Section 2121, R. S. 1879, under which this action is brought, gives to the widow of any person who shall die from an injury resulting from the negligence of a servant while running a train of cars, a right of action against the master of such servant, whether a passenger on such train of cars or not. A right of action against the master, however, for an injury resulting from any defect in the railroad, or in the cars, or machinery being run on it, is limited to the widow, etc., of one who as a passenger receives such an injury. It clearly appears from the petition in this case that the injury complained of, was one resulting from the neglect of the defendant's servants to discharge the master's duty to one who was on the master's train of cars while it was being run by his servants. Inasmuch, however, as it did not state in what relation to the defendant the deceased was so upon the cars, it failed to show the measure of the duty of the defendant to him, and would in this respect have for its uncertainty been obnoxious to a timely objection for that reason. But as the defendant did not see proper to raise the objection before the trial, but in its answer tendered the issue " that he was not a passenger on its train and that it did not owe him the duty of a passenger," which issue the plaintiff accepted, and joined, and both parties went to trial upon it, that objection was waived and afforded no ground for a new trial, and cannot be considered on writ of error.

II. The train upon which the deceased was killed being a special one, running at the time for the particular purposes of the road, and not for the convenience of the traveling public for whom trains were provided only on week-days, the defendant was under no obligation to receive or transport passengers upon it. It was its privilege to do so, however, and if it did receive a person on its special train as a passenger for the purpose of being transported from one place to another, it assumed toward him the same duties as if he had been a passenger traveling on the same train on its regular trips, the passenger assuming no risks on this trip other than on a regular one, except such as were necessarily incident to the character of the train and the purposes for which it was being run. *McGee v. Railroad,* 92 Mo. 208.

This train was ordered out on this trip by dispatch from Sedalia. What instructions, if any, were given to the conductor in regard to passengers does not appear. The evidence does not show any regulation of the company prohibiting passengers from being carried on this train when making such a trip, or that deceased was or could have been informed that his going upon this train as a passenger was contrary to any regulation of the company, or to any instruction to the conductor who was the officer of the company present at the time deceased proposed to take passage, having control and management thereof, and having apparent authority to determine whether he could travel on such train as a passenger or not. On other days of the week, this train, under the command of this conductor, was regularly used for the purpose of transporting passengers. On this day he was exercising the same control over it, apparently, that he usually did; he was the officer and the only one present in absolute control of its movement, with the apparent right to say who, if any one, should travel on it; and when he permitted the deceased to take passage on it, as may be fairly inferred

from the evidence of the plaintiff that he did, the deceased, without notice of any want of authority in the conductor to grant such permission, in the absence of collusion between him and the conductor to defraud the company of its fare, whether he paid fare or not, became a passenger of the defendant, and as such entitled to have the train on which he traveled managed with the care that is due from a common carrier to its passengers on a train of the character that this was. 2 Wood's Rwy. Law, p. 1039, note 3 ; *Creed v. Railroad*, 86 Pa. St. 139 ; *St. Joe & W. R. R. Co. v. Wheeler*, 35 Kan. 185 ; *Dunn v. Railroad*, 58 Me. 187 ; *Wilton v. Railroad*, 107 Mass. 108 ; *O. & M. R. R. Co. v. Muhling*, 30 Ill. 9 ; *Sherman v. Railroad*, 72 Mo. 63 ; *Muelhausen v. Railroad*, 91 Mo. 344 ; *Jacobus v. Railroad*, 20 Minn. 125. On the evidence, the plaintiff was entitled to go to the jury on the issue " that her husband was lawfully on defendant's train as a passenger at the time he was killed."

III. The plaintiff's husband was killed by being thrown from the position he took at Russellville on the flat-car. That car was located between the locomotive, on which was the defendant's engineer, and the box-car, in which was its conductor, both of which were in juxtaposition to the flat-car. The evidence tends to show that he was there in the view, and with the knowledge of both engineer and conductor. The result of the accident proved his position to be one of danger to him, when the engine and tender were derailed, and that the derailment of the tender and engine was the proximate cause of the injury. The evidence tended to show that the derailment was the result of the manner in which the train was made up, and the speed at which it was being run on the road in its condition at the time the accident occurred ; that there was no connection between the presence of the deceased on the flat-car, and the derailment of the engine and tender. That the

deceased's position on the flat-car became a place of danger only because of the derailment is evident. His taking that position at Russellville is the only act of the deceased that could, on the evidence, be claimed as contributing to the injury he received, and that act in itself was not such a direct, evident and necessary exposure to danger from the injury he received as to warrant the court in declaring as matter of law that it contributed directly to or was the proximate cause thereof, and in taking the case from the jury.

"Negligence * * * is an inference from facts. If it is not shown by some definite and positive act, *the effect of which* is not open to reasonable question, but depends on inferences from facts, in making which sensible and impartial men may well disagree, the question is for the jury." Pierce on Railroads, 317. It does not follow from the fact that if the deceased had been in the box-car he wouldn't have been hurt, that he was guilty of negligence in taking a position on the flat-car ; unless he was there in disregard of some monition of danger, or in disobedience of some rule or order forbidding him that position, of which he had notice. In the absence of which, the question was one for the jury to determine whether, under all the facts and circumstances, an ordinarily prudent man could have reasonably anticipated that, by taking that position, he was exposing himself to the injury he received. The evidence fails to show any such order, rule or monition, but on the contrary a reasonable inference might be drawn therefrom that he was on the flat-car with the consent of the conductor, as he certainly was with his knowledge, and with the knowledge of the other servants of defendant who were operating the train from the time it started until it was wrecked ; and the further question for the jury to determine on the evidence was presented, whether the defendant's servants, knowing his situation on the train, if it was one

of peril, managed the train with care and caution commensurate with his risk, as was their duty to him in that situation, and whether his injury was or was not the direct and immediate result of their failure to discharge that duty.

The defendant's demurrer to the evidence ought to have been overruled, and under proper instructions, the case ought to have been submitted to the jury, and for the error of the court in sustaining the demurrer, the judgment of the circuit court is reversed, and the cause remanded for new trial. BLACK and BARCLAY, JJ., concurring; BARCLAY, J., in the result; RAY, C. J., and SHERWOOD, J., dissent.