[Civil No. 368.    Filed December 23, 1895.]

[42 Pac. 952.]

ARIZONA LUMBER AND TIMBER COMPANY, Defendant and Appellant, v. WILLIAM MOONEY, Plaintiff and Appellee.

1. MASTER AND SERVANT—PERSONAL INJURIES—MACHINERY—DUTY TO GUARD.—Plaintiff cannot recover in an action for damages for personal injuries resulting from operating a saw, because of lack of a guard, where it appears that the saw in use was not designed to have such guard, was one of the best patterns, complete in all respects, in good order, and of a kind used by many other sawmills.

2. SAME — MACHINERY — DUTY TO FURNISH REASONABLY SAFE.— The master is not bound to provide the servant with machines which are absolutely the most convenient or most safe. His duty is sufficiently discharged by providing those which are reasonably safe and fit.

3. SAME—COMMON LABORER—MACHINERY—INSTRUCTION—SKILLFULNESS —INJURY FROM OTHER CAUSE—RELEVANCY.—Allegations that plaintiff was a common laborer, and, without knowledge of the use of the machine, he was put to work without instructions as to how to operate it, are insufficient to warrant a recovery where the injury was the result of some cause other than unskillfulness.

4. SAME—LIABILITY FOR INJURY—INJURY MUST RESULT FROM MASTER'S OMISSION OR NEGLECT OF DUTY.—The mere existence of a defect, the mere occurrence of an accident, the mere omission of a duty, are not sufficient to create a liability for personal injuries. It is

necessary to proceed further, and to show that the defect or omission of duty caused the accident.

On rehearing. See former opinion, *ante,* p. 96.

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Coconino. E. W. Wells, Judge. Reversed.

The facts are stated in the opinion.

Norris & Ellinwood, for Appellant.

Stewart & Doe, for Appellee.

ROUSE, J.—This is an action for damages for personal injuries which plaintiff received while working in defendant's sawmill. Plaintiff was operating a certain machine, called a "resaw." It was his duty to insert boards into said machine to be sawed, which work may be called "feeding." His position was in front of the machine while it was in operation, and behind the machine another employee was stationed, whose duty it was to receive the lumber after it had passed through said machine, and dispose of it. While plaintiff was thus engaged in operating said machine, in some way a piece or splinter of a plank which had gone through the machine was caught by the saw and thrown forward. It struck plaintiff in the face, and put out one of his eyes, and that is the injury for which damages are claimed. In plaintiff's second amended complaint, on which the case was tried, is the following: "(3) That on and about the said 10th day of October, 1890, the plaintiff was in the employ of the defendant as a common laborer, and was employed by defendant to perform and discharge such general duties and labor in and around said saw and planing mill as might be performed by any unskilled laborer. (4) That at the time aforesaid the said defendant conducted itself so carelessly and negligently that by and through the carelessness, negligence, and default of said defendant, it provided, used, and suffered to be used an unsafe, defective, insufficient, unguarded, and dangerous certain circular saw, used for ripping boards, commonly called a 'resaw.' (5) That on or about the 8th day of October, 1890, while plaintiff was so employed as aforesaid

by defendant, defendant directed plaintiff to assist in the operation of said circular saw, and the machinery therewith connected; that it therefore became the duty of plaintiff, under and by virtue of the instructions of the said defendant, to place lumber in position to be cut by said saw; that the said circular table-saw and the machinery therewith connected were imperfectly constructed, unguarded, defective, unsafe, and dangerous; that said imperfection, defectiveness, inadequacy, and unsafeness of said circular saw and the machinery therewith connected could have been by said defendant discovered and known by the use and exercise by him [it] of ordinary care and diligence; and that the same were, at the time aforesaid known to the defendant, but the same unknown to this plaintiff, William Mooney, and could not have by him been discovered or known by the use of ordinary care and diligence.    (6) That plaintiff was inexperienced in the use of said saw and the machinery therewith connected, and ignorant of the dangerous character and condition thereof, and the defendant well knew, at the times hereinbefore mentioned, that plaintiff was so inexperienced and ignorant of the use and management of such machinery, and of the dangerous character and condition thereof; but that defendant negligently and carelessly neglected to and refrained from warning or in any wise informing said plaintiff of the said inadequate, imperfect, unguarded, unsafe, and dangerous condition and character of the said table circular saw and the machinery therewith connected.    (7) That for want of due care and attention to its duty in that behalf and by reason of defendant's negligence in maintaining, using, and suffering to be used as aforesaid by plaintiff the said defective, unguarded, and dangerous saw and machinery, on the 10th day of October, 1890, and while the said plaintiff was so operating and working with and about said circular saw, and the machinery therewith connected, a board was caught and thrown by said saw, by reason of the said inadequacy, imperfection, defectiveness, unguarded condition, and unsafeness thereof, whereby the said plaintiff, William Mooney, was struck by said board, . . . without any negligence or fault of said plaintiff, William Mooney.    (8) That thereby plaintiff was . . . disabled and disfigured, to his damage in the sum

of twenty thousand dollars.'' For answer, defendant pleaded a general denial, and the only issue thus presented is as to the injury inflicted, and the nature and condition of the said machine.

The pleader in the complaint was very extravagant in the use of qualifying words descriptive of the machine which plaintiff was operating at the time of the injury, but, notwithstanding that extravagance, we are not advised of any particular defect on which the right of action is based. The words ''defective,'' ''insufficient,'' and ''unguarded,'' and ''dangerous,'' and words of similar import, were employed, but not in a way as to direct attention to any particular defect. Treating the complaint, for the purpose of this opinion only, as sufficient to constitute a cause of action, and assuming that the injury complained of resulted from a defect in the machine in not having a certain guard, as no guard is specified in the complaint, we are limited in our determination thereof to the guard mentioned in the evidence. It is alleged in the complaint that the injury was caused by a board being caught by the saw and thrown forward. There was evidence offered and admitted on the trial that the machine had no guard to prevent pieces of boards caught by the saw from being thrown forward; that said guard should be a plank put up in front of the saw in some way that it would catch flying pieces; also that some other resaws had guards made in that way. Plaintiff was permitted to introduce witnesses as experts, and to have them give evidence as to additional appliances and improvements which the said saw, in their opinion, should have, other than those attached to and embraced in the model of said saw. The evidence discloses the fact that there are many different kinds of such machines in use, and that the one complained of is a machine of one of the best patterns; that at the time of the injury all the parts of said machine were in place, and none of its parts were missing; also that, according to the pattern of such machine, no such guard as that described was designed or intended to be used,—i. e. that in the model of said machine such guard was not a part of it. The machine had been used for some time before the accident, and no similar injury had been caused, and nothing had resulted in its use to indicate that such an injury might result in that way by its use, and the machine

in its then condition was of a kind used by the proprietors of many other sawmills.

The master is not bound to provide the servant with the very best implements which can be procured (*Bajus* v. *Railroad Co.*, 103 N. Y. 312, 57 Am. Rep. 723, 8 N. E. 529), nor those which are absolutely the most convenient or most safe. His duty is sufficiently discharged by providing those which are reasonably safe and fit. 2. Shearman and Redfield on Negligence, sec. 196; *Burke* v. *Witherbee*, 98 N. Y. 562; *Smith* v. *St. Louis etc. Ry. Co.*, 69 Mo. 32, 23 Am. Rep. 484. Still less is he bound to furnish every new improvement or invention. *Sweeney* v. *Envelope Co.*, 101 N. Y. 520, 54 Am. Rep. 722, 5 N. E. 358. If it be concluded that if a guard had been put up in front of the machine the injury would not have occurred, inasmuch as the machine in use at the time of the accident was not constructed with a view of having such guard, defendant is not liable for any injury caused by the absence of such guard. Id.; *Wonder* v. *Baltimore etc. R. R. Co.*, 32 Md. 411, 3 Am. Rep. 143; *Marsh* v. *Chickering*, 101 N. Y. 396, 5 N. E. 56.

Plaintiff alleged that he was only a common laborer, and, without any knowledge of the use of the machine, he was put to work therewith, without any instructions as to how to operate said machine. Such allegations are not sufficient to warrant a recovery unless it should be established that the injury received was such as resulted to him by reason of his unskillfulness. If the injury received was such as resulted to him by some cause other than unskillfulness, the fact that plaintiff was not a skillful operator would have no bearing on this case. The mere existence of a defect, the mere occurrence of an accident, the mere omission of a duty, are not sufficient to create a liability. It is necessary to proceed further, and to show that the defect or omission of duty caused the accident. *Haley* v. *Earle*, 30 N. Y. 208; *Pakalinsky* v. *Railway Co.*, 82 N. Y. 424.

It is not necessary to consider the many other questions presented by the record. At the close of the evidence the defendant asked for a charge to the jury that they return a verdict for the defendant. This charge being refused, the case was submitted to the jury, and a verdict was returned for plaintiff for damages in the sum of thirty-five hundred dollars.

The charge requested by defendant should have been given for the reasons set forth in this opinion, and for that error the judgment is reversed, and the case remanded.

Bethune, J., concurs.

Baker, C. J., took no part in this case.

HAWKINS, J.—I concur in reversing this case for the errors appearing in the record, but do not think the demurrer to the evidence should have been sustained. I think the cause should be, for the reasons appearing in this opinion and on the records, reversed, and a new trial granted.