EDALL v. NEW ENGLAND R. CO.

(Supreme Court, Appellate Division, Second Department. May 2, 1899.)

APPEAL—REVIEW—EVIDENCE.
    Where in an action against a railway company for damages for per-
    sonal injuries plaintiff stands alone in his testimony as to the manner of
    the accident, of which he gave a different version on a former trial, of-
    fering no explanation for his change, and is contradicted by direct evi-
    dence, the judgment for plaintiff will be set aside.

Appeal from trial term, Orange county.

Action by Joseph Edall against the New England Railroad Com-
pany. From a judgment for plaintiff and an order denying a mo-
tion for new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and WOODWARD, JJ.

Simpson, Thacher & Barnum, for appellant.
John M. Gardner, for respondent.

WOODWARD, J. The plaintiff seeks to recover for personal injuries sustained while in the employ of the predecessors of the defendant company. He was engaged as a bridgeman at Fishkill Landing, N. Y., and sustained the injury while engaged in coupling cars which were being removed from a ferryboat. It is claimed on the part of the plaintiff that the drawhead of a ballast car, used to depress the bridge to the deck level of the ferryboat, was out of order to such an extent that, when the car was pushed down upon the boat to couple with a car which was to be drawn off, the drawhead passed under the drawhead of the stationery car in such manner that the bumpers came together unexpectedly, resulting in the injury. On a previous trial of this action, the plaintiff testified in the most positive manner that the drawheads came together; and this court, on appeal (18 App. Div. 216, 45 N. Y. Supp. 959), held that if that was true the plaintiff had no cause of action, because the cars acted exactly as they would be expected to act, and the plaintiff would have no cause to complain.

Upon the trial now under review, the plaintiff testified to an entirely different state of facts, claiming that the drawhead of the ballast car passed under that of the standing car, permitting the bumpers to come together without warning. The plaintiff stands alone in his testimony as to the manner in which the accident happened, and he is controverted by evidence directly bearing upon the point. Upon the trial, his attention was called to the fact that he had testified differently upon the former trial, but no effort on the part of his counsel availed to bring out a clear explanation of his former evidence, consistent with his new version of the accident, and it is difficult to escape the conclusion that the plaintiff modeled his testimony to meet the suggestion thrown out by this court upon the former appeal. The evidence introduced by the defendant so strongly preponderates that, in view of the former evidence of the plaintiff, we are forced to conclude that the jury must have been governed by considerations apart from and independent of their duties and obligations as jurors, and that the ends of justice demand that, before a recovery is had in this case, the evidence should be submitted to another jury. The verdict seems to have been clearly against the weight of evidence, and the judgment and order appealed from should be reversed, and a new trial granted, costs to abide the event. All concur.