to such an issue, and we are persuaded that the learned court at the Trial Term has properly disposed of this case. There can be no doubt that Father J. T. Early entered into a contract with the plaintiff's firm for the plans and specifications and for the superintendence of construction. It is equally clear that the plaintiff's firm furnished such plans and services, and that the church was constructed. It is undisputed that Father Early made all of the contracts under which the work was carried on, and that all of such contracts were ratified by the board of trustees, and there is no conflict in the evidence as to the amount expended in the construction of the church, or in the customary rate of compensation based upon the cost of construction. There was some effort made to show that the plaintiff had stated that the church could be constructed under his plans for $60,000 to $70,000, but the evidence shows that there were very material alterations made necessary, including the construction of a chapel, and the plaintiff testified, without contradiction, that the plans and specifications which he presented could have been carried out for the amount named, although it was not shown that these alleged representations were made to the board of trustees, or to any one who relied upon them.

A careful examination of all of the matters urged convinces us that the defendant has no valid defense to this claim of the plaintiff, that no issue was presented by the evidence upon the pleadings as they stood at the time of the trial, after the plaintiff had supplied his bill of particulars, and that the judgment should be affirmed.

The judgment and order appealed from should be affirmed, with costs.

All concur, except HOOKER, J., who dissents.

---

### BANG v. NEW YORK & Q. C. RY. CO.

(Supreme Court, Appellate Division, Second Department. June 15, 1906.)

STREET RAILROADS—COLLISION WITH VEHICLES—EVIDENCE—SUFFICIENCY.

In an action against a street railroad company for damages caused by a collision between defendant's car and plaintiff's wagon as it was being driven along the car track, evidence *held* insufficient to support a verdict for plaintiff.

Woodward and Rich, JJ., dissenting.

Appeal from Municipal Court of New York.

Action by Philip J. Bang against the New York & Queens County Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, GAYNOR, and RICH, JJ.

Van Vechten Veeder and John Hetherington, for appellant.
A. Van Dewater, for respondent.

GAYNOR, J. This verdict has no foundation to rest on. The driver of the plaintiff's wagon was driving along beside the defendant's electric car track in a broad highway of a dark night. His entire

evidence in chief is that as the road was slippery he turned into the car track and a car came up in the rear and ran into the wagon. He was the only witness of the occurrence called by the plaintiff. He does not say he looked back before turning, or that he had completed his turn and was going along on the track before he was run into. It was for the plaintiff to show these things. It can scarcely be necessary to say that if a driver turn into an electric car track so close in front of a car coming up behind him as to bring on a collision, there can be no recovery against the railroad company for the damage done. It is his business to look before turning and not to turn if a car be too close. The cross-examiner for the defendant did all he could to supply the deficiencies and make out a case for the plaintiff. He drew from the witness with much pains and difficulty that he looked before turning and saw no car, and also that he had at least completed the turn and got straightened out along the track before the collision. The plaintiff's counsel then asked the witness the leading question if he had not gone along on the track "quite a distance" before the collision, and got an affirmative answer. But it was not permissible for the jury to interpret that indefinite phrase to mean any definite distance. The witness might have meant a foot, and the evidence was worthless. The car was lighted by electricity and if the driver had looked he could not have failed to see it. He either saw it or did not look. In either case the plaintiff cannot recover.

And if the weight of evidence had to be considered the verdict is clearly against it.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur, except WOODWARD and RICH, JJ., dissenting.