Decided 12 January, 1907.

## GRAY *v.* COLUMBIA CENTRAL RAILROAD CO.

88 Pac. 297.

CARRIERS—WHO ARE PASSENGERS.

1. Plaintiff was the servant of one who had contracted with a railroad company, the contract requiring the railroad to transport the contractor's servants. When the road was sufficiently completed the company put on a train, consisting of a water tank car, some freight cars, and a passenger coach. When the conductor and crew of such train were preparing to

take the locomotive and tank car to a certain place, the contractor requested the conductor to carry plaintiff there on the tank car, and while riding thereon plaintiff was injured owing to the derailment of the train. There was a rule of the company forbidding freight conductors to allow passengers on freight cars. *Held,* that, under the facts, plaintiff was a passenger on the train.

SAME—CONTRIBUTORY NEGLIGENCE.

2. It appearing that it was customary for the contractor's servants, when being carried in the performance of their duty, to ride on flat cars, etc., and that plaintiff had no knowledge of the rule in question, he was not guilty of contributory negligence.

From Gilliam : WILLIAM L. BRADSHAW, Judge.

Action by Frank T. Gray, by J. T. Gray, his guardian *ad litem*, against the Columbia River & Oregon Central Railroad Company. From a judgment in favor of plaintiff, defendant appeals.                                                      AFFIRMED.

For appellant there was a brief over the names of *W. W. Cotton, Arthur Champlin Spencer* and *W. A. Robbins,* with an oral argument by *Mr. Spencer.*

For respondent there was a brief over the name of *Dufur & Riddell,* with an oral argument by *Mr. Enoch Burnham Dufur.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

This is an action to recover damages for a personal injury. During the spring and summer of 1905, the defendant company was engaged in the construction of a railroad from Arlington to Condon in this state. McCarty & Co. had a contract for fencing the right of way, and had gangs of men at work at different points along the line. Under their contract the company was to carry their material and to transport their employees from place to place without charge. About July 1 the road was so far completed that the company put on a regular week-day train between Arlington and Condon, consisting of a water tank car, freight cars and a combination passenger and baggage coach. The water tank car was an ordinary flat car with wooden tanks built thereon, and was used for carrying water from Rock Creek to points along the road as needed, and was a part of the equipment of the regular train. On Sunday morning, August 13, the conductor and crew of this train were preparing to take

the engine and tank car from Condon to Rock Creek for the purpose of picking up some cars previously left there. McCarty & Co. had a crew of men at work at or near Rock Creek who were nearly out of provisions, and Loring, a member of the firm, requested and obtained permission from the conductor to put some provisions on the tank car to be taken down to them, and directed the plaintiff, one of their employees, a lad about 15 years of age, to get on the car and ride down to Rock Creek to watch the provisions and see that they did not fall off. After the boy got on the car, Loring asked the conductor if he wanted a pass for him, and the conductor replied that he could not take it very well, as he had no way of handling passengers and could not turn it in, but he permitted the boy to ride without objection, and there is no evidence that the boy knew of the conversation between Loring and the conductor, or that the conductor had no authority to carry him. On the way down to Rock Creek, the engine and front trucks of the tank car left the track, owing, as it is alleged, to the unsafe and unfinished condition of the track and to the excessive and dangerous rate of speed at which the train was moving. The plaintiff was thrown from the car and injured, and to recover damages therefor brings this action by his guardian. He had verdict and judgment in the court below, and defendant appeals.

1. There are several assignments of error, but they are all involved in the contention: First, that the relation of passenger and carrier did not exist between plaintiff and the defendant; and second, that plaintiff was guilty of such contributory negligence in riding on the tank car as will preclude his recovery. The defendant gave in evidence a rule of the company which provides that "freight conductors must allow none but train crew to ride on freight cars," and it is argued that, by reason of this rule, the conductor of the train on which plaintiff was riding at the time of his injury had no authority to bind the defendant by receiving him thereon as a passenger. A railroad company may separate its passenger and freight businesses, providing certain trains in which passengers may be carried and

others devoted to the exclusive transportation of freight, and in such case the conductor of a freight train has no implied authority to receive passengers thereon or to bind the company by his act in so doing: *Simmons* v. *Oregon Railroad Co.* 41 Or. 151 (69 Pac. 440, 1022: 27 Am. & Eng. R. Cas. [N. S.] 896). But there are two reasons why the rule introduced in evidence and the doctrine above stated can have no application to the case at bar. In the first place, the conductor who permitted plaintiff to ride was not a freight conductor. He was the regular conductor of the only passenger train defendant was operating on its road, and the car upon which plaintiff was riding at the time of his injury was a part of such train and under his charge. In the second place, the plaintiff was on the car in the performance of a duty he owed his employers, McCarty & Co., and was being carried in pursuance of a contract between such employers and the defendant company. He was not advised that the conductor had no authority to take him on the car, and any secret instructions of the defendant to the conductor would not be binding on him.

2. Nor was he guilty of contributory negligence, *per se,* in riding on the tank car: *Wagner* v. *Missouri Pac. Ry. Co.* 97 Mo. 512 (10 S. W. 486: 3 L. R. A. 156); *Milbourne* v. *Arnold Elec. P. & S. Co.* 140 Mich. 316 (103 N. W. 821: 70 L. R. A. 600). He was there by permission of the conductor, the defendant's agent in charge of the train. The evidence shows that it was customary for employees of McCarty & Co., when being carried from one point to another in the performance of their duty, to ride on flat cars, on top of box cars, and elsewhere on trains wherever convenient, and he cannot be held conclusively guilty of contributory negligence in following such practice. This is not a case of a stranger riding on a train of a railway company after the road has been completed and is under the sole charge of the operating department, but it is that of an employee of a contractor on an uncompleted road being carried in discharge of his duty in pursuance of an agreement between his employer and the company. He was on the train of right and by the consent

of the agent of the defendant in charge thereof, and was not knowingly violating any rule of the company. He was not being transported or receiving carriage as a mere favor or gratuity or by fraud, but he was lawfully upon the train, and, if it was negligently managed by the defendant's agents and injury resulted to him, he is entitled to recover: *Torpy* v. *Grand-Trunk Ry. Co.* 20 Up. Can. Q. B. 446; *Sheerman* v. *Toronto. G. & B. Ry. Co.* 34 Up. Can. Q. B. 451..

It follows from these views that the judgment must be affirmed, and it is so ordered. AFFIRMED.

Decided 12 January, 1907.