of his creditors after his death by depositing it in such a way, not to belong to his cestui until he dies, than he could do so by means of a will giving it to such cestui. His right to the absolute disposition of it during his lifetime makes it his and therefore subject to his creditors. As was said in a recent case:

"As to my creditors, property is mine which becomes mine for the asking, and no words can make an instrument strong enough to hold it for me and keep it from them." Ullman v. Cameron, 186 N. Y. 339, 78 N. E. 1074, 116 Am. St. Rep. 553.

This was said, it is true, of a pretended trust provision for another in a will, but has just as strong an application to a scheme by which one tries to so fix his property that he may have the absolute control and disposition of it up to the time of his death, but keep it away from his creditors. The deceased did not even have to ask anyone; the money was in his own control.

No objection is made to the form or maintainability of the suit.

The judgment should be reversed.

Judgment reversed, on question of fact and of law, and new trial granted; costs to abide the event. All concur.

---

(128 App. Div. 134.)

## BANG v. NEW YORK & Q. C. RY. CO.

(Supreme Court, Appellate Division, Second Department. October 16, 1908.)

STREET RAILROADS—COLLISION WITH VEHICLES—EVIDENCE—SUFFICIENCY.

Where, on the first trial of an action against a street railway for damages from a collision with plaintiff's wagon, plaintiff testified that as he was turning on the track he looked back once before he was run into, but on a second trial testified that he looked back four times to determine whether any car was approaching, and no satisfactory explanation of such change in evidence was given, a judgment in his favor was unauthorized.

Appeal from Municipal Court, Borough of Queens, Second District.

Action by Philip J. Bang against the New York & Queens County Railway Company. Judgment for plaintiff, and defendant appeals. Reversed.

For prior report, see 113 App. Div. 673, 99 N. Y. Supp. 946.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Anthony J. Ernest, for appellant.

Arthur Van Dewater, for respondent.

HOOKER, J. This action is brought to recover damages to plaintiff's wagon, injured by being run into from behind by defendant's trolley car. On the former trial the driver, Thomas Speedling, Jr., testified that just as he was turning on the track he looked back once before he was run into. A recovery was had, and an appeal to this court was taken. Mr. Justice Gaynor, speaking for the court, said:

"He does not say he looked back before turning, or that he had completed his turn and was going along on the track before he was run into. It was for the plaintiff to show these things." 113 App. Div. 673, 99 N. Y. Supp. 946.

On the second trial this same witness testifies that he looked back four times in his effort to determine whether any car was approaching. This evidence was apparently given to meet the criticism of the court on his former evidence. No satisfactory explanation of this change in evidence is given and there is no corroboration of him. Examining the facts, we do not think his evidence worthy of belief, and hence the plaintiff has failed to sustain the burden of proof. Edall v. New England R. R. Co., 40 App. Div. 617, 57 N. Y. Supp. 914; Healy v. United Traction Co., 115 App. Div. 868–870, 101 N. Y. Supp. 331; Fisher v. Central Vermont Ry. Co., 118 App. Div. 446, 103 N. Y. Supp. 513; Adams v. N. Y. C. Ry. Co., 125 App. Div. 551, 109 N. Y. Supp. 1019.

The judgment should be reversed, with costs. All concur.