Hillsborough, ⎫
April 4, 1933. ⎬

ESTHER M. FLYNN *v.* HYMAN GORDON.

*Doyle & Doyle* (*Mr. Paul J. Doyle* orally), for the plaintiff.

*Lucier & Dowd* and *O. Neil Tolman* (*Mr. Lucier* orally), for the defendant.

BRANCH, J. There was evidence from which the following facts might be found. On July 24, 1930, the plaintiff slipped and fell on the sidewalk in front of the defendant's store in Nashua and sustained injuries to her right knee, for which a recovery is sought in this action.

The cause of her slipping was the presence on the sidewalk of "several" string beans which "were scattered around the entrance." These beans came from "some boxes" which were displayed on the sidewalk in front of the store.

The above facts embody the testimony most favorable to the plaintiff. There was other evidence tending to prove that after the accident the plaintiff pointed out upon the sidewalk only a single "old bean" which had been stepped on so often that there was "not an awful lot" left of it; that the only boxes on display outside the store were located in the entrance thereto on the premises of the defendant and not upon the sidewalk. There was no direct evidence that the beans upon which the plaintiff slipped came from the defendant's boxes, or, if so, how they came to be upon the sidewalk at that time.

The case was tried and submitted to the jury upon the theory that the defendant might be held liable for the plaintiff's injury if two facts were established; (1) that boxes of produce were negligently placed either on the sidewalk or in the entrance to the store, and (2) that the plaintiff slipped upon something which came from those boxes. This theory was clearly stated in the charge as follows: "Is it probable that whatever plaintiff stepped on came from a box or from boxes on display either in front of or in the entrance of defendant's store? If not probable, there is no liability; if probable, there is liability, provided plaintiff's own conduct did not contribute to bring about her injuries."

This theory was erroneous, and proof of the facts above stated was insufficient to sustain a verdict for the plaintiff.

The cause in fact of the plaintiff's injuries was the bean or beans upon which she stepped. If their presence upon the sidewalk was due to the fault of the defendant he would be liable, but unless he was legally responsible for their presence there he would not be liable. Fault on the part of the defendant in causing or permitting the beans to be on the sidewalk could not be established by proving without more, that he negligently placed them somewhere else. If a box of beans had been carelessly spilled inside the store, it would hardly be suggested that the defendant could be charged with liability simply by proving the subsequent presence of a few of them on the sidewalk. Some proof of the actual or probable agency which placed them there and some proof that the defendant should have anticipated and provided against such an occurrence would be required. The situation is not changed because the boxes were placed outside the store. *Sullivan* v. *Creed*, [1904] 2 I. R. 317; 2 B. R. C. 139.

The defendant cannot be charged with a breach of duty to the plaintiff unless her injury resulted from a risk against which he owed her a duty of protection. "Negligence is a breach of a duty. Those only to whom that duty is due and who have sustained injuries of the character its discharge was designed to prevent can maintain actions upon it." *Chicago &c. Railway Co.* v. *Railway*, 176 Fed. Rep. 237.

The court instructed the jury that if the boxes were located on the sidewalk the following statute was applicable: " . . . any person . . . through whose negligence or carelessness any obstruction, defect, insufficiency or want of repair is caused upon any highway, shall be liable to any person injured by reason thereof . . . ." P. L., *c.* 89, *s.* 1.

With reference to the defendant's alleged breach of this statute the law is very clear. The violation of a statute or ordinance becomes an actionable wrong only when the consequences contemplated by the provision in question have actually resulted from its violation. If none of the consequences which the enactment was designed to guard against have resulted from its breach, such a breach does not constitute an actionable wrong even though some other injurious consequence has resulted. It is not enough for a plaintiff to show that the defendant neglected a duty imposed by statute and that he would not have been injured if the duty had been performed. He must go further and show that his injury was caused by his exposure to a hazard from which it was the purpose of the statute to protect him. "The courts are entirely agreed upon this general principle." 20 R. C. L., Tit. Negligence, *ss.* 35, 37; 45 C. J. Tit. Negligence, *s.* 111; Am. Law Inst., Restatement of Torts, Tent. Draft No. 4, *s.* 176, Comment *h;* *Gorris* v. *Scott*, L. R. 9 Exch. 125; *Lang* v. *Railroad*, 255 U. S. 455; *Borankay* v. *Robinson*, 247 N. Y. 365. This principle has been frequently stated and applied in this jurisdiction. *Olena* v. *Company*, 82 N. H. 408, 412; *Lindell* v. *Stone*, 77 N. H. 582; *Caher* v. *Railway*, 75 N. H. 125; *Brember* v. *Jones*, 67 N. H. 374; *Wentworth* v. *Jefferson*, 60 N. H. 158; *Sewell* v. *Webster*, 59 N. H. 586; *Norris* v. *Litchfield*, 35 N. H. 271.

If the defendant placed boxes on the sidewalk for display purposes, it might be found that he violated the statute above quoted (P. L., *c.* 89, *s.* 1) and also the provision against obstructing highways. (P. L., *c.* 378, *s.* 8). If in either case the law was violated it was because the boxes constituted an obstruction to public travel and not because their contents, if improperly managed, might become dangerous to pedestrians. The plaintiff was not injured because the boxes obstructed her passage and hence, in accordance with the fore-

going principle, she cannot recover because of their illegal presence upon the sidewalk.

If the jury found that the boxes were located in the entrance to the store, it is difficult to find in the evidence any ground for the conclusion that their presence there involved a breach of duty toward travelers upon the sidewalk. The theory of plaintiff's counsel, as disclosed by his questions to witnesses, seems to have been that the boxes were placed so close to the line of the sidewalk that in some way they menaced the safety of passersby. If, upon the evidence, such a conclusion were possible, the plaintiff's case, upon this basis, would fail for reasons similar to those set forth above.

Negligence is a relational concept. "All acts, taken apart from their surrounding circumstances, are indifferent to the law." Holmes, Com. Law, 54; *Garland* v. *Railroad*, 76 N. H. 556. The legal quality of an act is determined by considering upon what persons and in what way it might be expected to take effect. It may be said that negligence is conduct involving an unreasonable risk of injury to others. (Seavey, Negligence-Objective or Subjective? 41 Harv. L. R. 1, 5) and hence it is plain that the nature and extent of its expectable consequences determine whether or not an act is negligent. "The risk reasonably to be perceived defines the duty to be obeyed." *Palsgraf* v. *Railroad*, 248 N. Y. 339. "The orbit of the danger as disclosed to the eye of reasonable vigilance" is the orbit of the duty to use due care for the protection of others. *Ib.* Since due care, in the nature of things, requires the protection of another only against perceivable or expectable risks of injury, it follows that the actor is liable only for such harm as results from the other's exposure thereto. The orbit of danger includes both expectable persons and expectable risks. Each is of equal importance.

In regard to persons the law is extremely clear. Only persons whose presence within the zone of apprehended danger is expectable can complain of a failure to protect them against expectable risks. Failure to furnish protection is negligence only toward those to whom a duty of protection is owed. *Garland* v. *Railroad*, 76 N. H. 556; *Lord* v. *Railroad*, 74 N. H. 39; *Palsgraf* v. *Railroad*, *supra.*

With reference to statutory duties of protection, it is entirely plain, as indicated above, that liability attaches only for injuries resulting from risks against which the statute was designed to protect. There is no apparent reason why a different rule should be applied when the duty of protection is imposed by the common law rather than by statute.

With reference to contributory negligence, it is also held that failure to guard against an expectable danger will not bar recovery for an injury resulting from an unforeseeable cause, although adequate protection against the former would have prevented injury by the latter. *Brown* v. *Railroad*, 68 N. H. 518; *Smithwick* v. *Company*, 59 Conn. 261; *Gray* v. *Scott*, 66 Pa. St. 345; *New York &c. R. R. Co.* v. *Ball*, 53 N. J. L. 283; *Wagner* v. *Railroad*, 97 Mo. 512.

The logic of all the foregoing cases leads to the conclusion that liability for negligence is imposed only for injuries resulting from the particular hazard against which the duty of due care required protection to be given. Only with respect to such injuries can negligence be predicated. "Certain forms of conduct are negligent because they tend to subject certain interests of another to a particular hazard or type of hazard or to a limited number of hazards of a definite character. If so, the actor's negligence lies in his subjecting the other to the particular hazard and he is liable only for such harm as results from the other's exposure thereto." Am. Law Inst., Restatement of Torts, Tent. Draft No. 4, s. 165, Comment E.

The question of negligence receives an affirmative or negative answer according as it is shown that in the given instance the actor "did or did not owe the injured person a duty to prevent the existence of the conditions, or the occurrence of the event, to which the injury is alleged to be traceable." 4 Labatt, M. & S., s. 1569; *Rutledge* v. *Railway*, 110 Mo. 312; *Young* v. *Company*, 79 Ia. 415; *Phillips* v. *Company*, 19 Ind. App. 341; *Wadlington* v. *Railroad*, 14 Ky. L. Rep. 559; *Arizona &c. Co.* v. *Mooney*, 4 Ariz. 366; *Edall* v. *Railroad*, 18 App. Div. 216.

The foregoing principle has been stated by this court as follows: "To bring the case within the category of actionable negligence, some wrongful act must be shown or a breach of some positive duty. *Buch* v. *Company*, 69 N. H. 257, 260. The duty must be one owed by the defendants to the plaintiffs in respect to the very matter or act charged as negligence. *Leavitt* v. *Company*, 69 N. H. 597; *McGill* v. *Granite Company*, 70 N. H. 125; *Morrison* v. *Company*, 70 N. H. 406; *Davis* v. *Railroad*, 70 N. H. 519, 520." *Pittsfield &c. Mfg. Co.* v. *Company*, 71 N. H. 522, 531. Applications of the principle are to be found in *Bennett* v. *Company*, 76 N. H. 180; *Watkins* v. *Hustis*, 79 N. H. 285; *Monteith* v. *Company*, 82 N. H. 175. In the case last cited it was pointed out that negligence in placing a known epileptic servant in a situation where he may sustain injury if an epileptic seizure ensues will not impose liability for an injury sustained

in the absence of such an attack. "In the absence of an attack the breach of duty to guard against it cannot be made a ground of liability." *Monteith* v. *Company, supra,* 176. In *St. Louis* v. *Railroad,* 83 N. H. 538, the relevancy of certain evidence was plainly determined by an application of the foregoing principle, and in *Duteny* v. *Company,* 84 N. H. 65, the question whether the risk from which the plaintiff's injuries resulted could be numbered among the expectable consequences of the defendant's fault was resolved in favor of the plaintiff. Many other cases like *Edgerly* v. *Railroad,* 67 N. H. 312 and *Deschenes* v. *Railroad,* 69 N. H. 285, have been decided upon the ground that no causal connection between the plaintiff's injury and the alleged negligence of the defendant was shown when "by a slight change in the point of view, they may be considered as bearing, not upon the question of proximate cause, but upon the preliminary issue of negligence *vel non.*" 4 Labatt, M. & S., *s.* 1571.

From the foregoing discussion it follows that liability for the plaintiff's injuries could not be predicated upon any negligence of the defendant in placing the boxes either upon the sidewalk or in the entrance to his store, and hence, in the absence of any other suggested ground of liability, the motion for a directed verdict should have been granted. The order here must, therefore, be

*Judgment for the defendant.*

All concurred.