ANDREW DAVID SMITH, *by his mother and next friend,*

VIOLET SMITH *v.* GUY S. BABB.

*Sewall, Varney & Hartnett (Mr. Hartnett* orally), for the plaintiff.

*Waldron & Boynton (Mr. Waldron* orally), for the defendant.

BRANCH, J.  It may be conceded, in accordance with the contention of the defendant, that he owed the plaintiff only the duty to

protect him from "perceivable or expectable risks." *Loughlin* v. *Johnson*, 89 N. H. 191; *Flynn* v. *Gordon* 86 N. H. 198. The plaintiff, however, argues that there was evidence of the defendant's negligence in two particulars: (1) in creating a dangerous situation, and (2) in failing to take protective action after the danger became evident.

We need not consider the first of these contentions, since we think the second is well founded. There was evidence that after the defendant gave the instruction to open the window, he continued to turn to the left so that he was in a position to observe all that Mrs. Corliss did until the accident occurred. If he could have seen that her conduct endangered the plaintiff, it was his duty to stop her, provided there was time for effective action.. He testified as follows: "Q. But a matter of five or ten seconds passed while you were watching and as she leaned forward to reach that lever? A. . . . yes, there must have been."

There was evidence that the lever which opened the door was located in the center thereof, while the crank which lowered the window was further to the rear but also in the door itself; that the plaintiff, as he sat forward on the rear seat, hid the window crank from a person in Mrs. Corliss' position; that Mrs. Corliss reached in front of the plaintiff and took hold of the door lever; that the door opened immediately and the plaintiff fell out. How many of these factors in the situation the defendant observed or should have observed; how much time he had to act, and what due care required under the circumstances, cannot be determined as a matter of law. These are all questions of fact as to which the judgment of the jury was final. The verdict should not have been disturbed.

*Judgment on the verdict.*

All concurred.