TUTTLE v. FARMINGTON.

58    13
68    209

A traveller on a highway is bound to exercise ordinary care and prudence in the selection of a horse, carriage, and harness, and in their management.   Whether he makes such a selection, and so manages them, are questions of fact.

A traveller, injured by the fault of a town, should use reasonable care in effecting a cure; and if he exercises such care in the necessary employment of a surgeon possessing the average skill of his profession, the town will be liable for all damages resulting from the injury, though increased by the treatment of the surgeon.

CASE, for personal injuries from a defective highway.

The defect was shown in the highway, and the manner of the plaintiff's driving at the time of the injury.   The evidence was conflicting as to whether the horse was frightened and unmanageable, or was

unmanageable from having the bits out of his mouth when near and at the defective place.

The court declined to instruct the jury, as requested by the defendants, that, if the plaintiff was injured by the defect while the horse was frightened, the town was not liable. The court charged the jury that the plaintiff was bound to use ordinary care and prudence in the selection of his horse, wagon, and harness, and if they were reasonably safe, and he used the same skill in their management, and the injury happened from the defect, the town would be liable, though the horse was frightened.

The defendants contended that a part of the plaintiff's damage was occasioned by the bad treatment of his surgeon. The court instructed the jury, that if the plaintiff exercised reasonable care and diligence in employing a surgeon having the ordinary skill of his profession, the town would be liable for the damages resulting from the injury. The defendants excepted.

*Hobbs,* for the plaintiff.

*Wheeler* and *Eastman,* for the defendants.

BINGHAM, J. A traveller on a highway must exercise ordinary care and prudence in the selection of a reasonably safe horse, wagon, and harness. *Clark* v. *Barrington,* 41 N. H. 44; *Tucker* v. *Henniker, id.,* 317. These cases also decide, that a traveller, having made the required selection, is bound to exercise only ordinary care and prudence in their management.

Whether the plaintiff in this case made a suitable selection of a horse, wagon, and harness, and whether he managed them with due care and prudence, were questions for the jury. *Stark* v. *Lancaster,* 57 N. H. 88; *Palmer* v. *Portsmouth,* 43 N. H. 265. The defendants' request clearly treated them as questions of law, and was properly denied.

Although the plaintiff was injured by the negligence and fault of the defendants, still he was required to use reasonable care in obtaining a cure of his injury; and if his injury demanded the attention of a surgeon, and he used reasonable diligence and care in employing one of ordinary skill in his profession, he would be entitled to recover the damages resulting from the injury, notwithstanding they were increased by bad treatment of the surgeon. *Eastman* v. *Sanborn,* 3 Allen 594; *Tuttle* v. *Holyoke,* 6 Gray 447; *Ingalls* v. *Bills,* 9 Met. 1.

*Judgment on the verdict.*

STANLEY, J., did not sit.