## BOYNTON v. SOMERSWORTH.

In an action against a town for personal injuries from a defective highway, the rule as to the degree of care required to be exercised by the plaintiff in the employment of a physician and surgeon, and in procuring and submitting to proper medical treatment, is not changed by the fact that the plaintiff was himself a physician and surgeon.

CASE, for injuries from a defective highway. The plaintiff was a physician and surgeon; and the defendants offered evidence tending to show that the plaintiff's injuries were aggravated and his recovery delayed by unskilful and improper treatment on the part of the physician and surgeon employed to attend him, and requested the court to instruct the jury, that the plaintiff, being himself a physician and surgeon, if the injuries were aggravated, or the plaintiff's recovery delayed, hindered, or interfered with, by improper medical treatment, or by the want of proper medical treatment, the defendants would not be liable for any delay, hindrance, or interference in the plaintiff's recovery so occasioned.

The court declined to give the instructions requested, and instructed the jury that it was the duty of the plaintiff to employ the services of a proper physician and surgeon, and to submit to proper treatment; that he was bound to exercise ordinary care and prudence in the selection of a physician and surgeon; that, in determining whether he had exercised such care and prudence, the jury might consider the fact that he was himself a physician; that if he was not in fault, the plaintiff would be entitled to recover for all the damages sustained by reason of the injury, and that no deduction should be made therefrom for the reason that his recovery may have been delayed, hindered, or

interfered with by improper medical treatment, or want of proper medical treatment, for which he was not chargeable. The defendants excepted to these instructions. Verdict for the plaintiff, and motion for a new trial.

*J. G. Hall, Wm. R. Burleigh,* and *Edgerly,* for the defendants.

*Geo. Wm. Burleigh* and *Copeland,* for the plaintiff.

CLARK, J. The plaintiff's injuries having been caused by a defective highway for which the defendants were in fault, the plaintiff is entitled to recover all damages resulting therefrom, unless such damages resulted in part from his own negligence. The degree of care and prudence required to be exercised by the plaintiff in the selection of a physician and surgeon, and the means used for his recovery and cure from his injuries, are the same as a traveller upon the highway is required to exercise in the selection of his horse, harness, carriage, and manner of driving. *Tuttle* v. *Farmington, ante,* 13. He is required to use ordinary care and prudence in all these particulars—such care and prudence as mankind in general exercise. *Tucker* v. *Henniker,* 41 N. H. 317. If he do this he is in no fault; and it is no defence, justification, or excuse for the defendants that the plaintiff's injuries, caused primarily by the defendants' negligence, have been aggravated and his recovery delayed by causes for which the plaintiff was not responsible. *Collins* v. *City of Council Bluffs,* 32 Iowa 324; S. C., 7 Am. Rep. 200; *Lyons* v. *Erie Railway Co.,* 57 N. Y. 489. Where the traveller is in no fault, and the injury is the combined result of accident and of the neglect of the town to repair the highway, the town is liable. *Winship* v. *Enfield,* 42 N. H. 197 ; *Baldwin* v. *Turnpike Co.,* 40 Conn. 238. So, although the vices of the horse or the defects of the carriage may have contributed to the injury, if they were unknown to the traveller and he was in no fault for not knowing them, and if the defective highway contributed to the result, and if the accident would not have happened if the highway had been sufficient, the town is held liable, provided the traveller is without fault. *Clark* v. *Barrington,* 41 N. H. 44 ; *Tucker* v. *Henniker,* 41 N. H. 317 ; *Hunt* v. *Pownal,* 9 Vt. 411.

The fact that the plaintiff was a physician and surgeon might enable him to make a judicious selection in the employment of his medical attendant, but it did not make him answerable for the success of his treatment, or require him to treat his own case. The jury were allowed to consider that fact in determining whether the plaintiff had exercised ordinary care. The instructions were sufficiently favorable to the defendants.

*Judgment on the verdict.*

FOSTER, J., did not sit.