Merrimack, }
Jan. 3, 1905. }

### SEETON *v.* DUNBARTON.

The fact that the portion of a highway where an accident is alleged to have occurred was found to be free from defect at the time a view was taken is not conclusive evidence that it was in suitable condition for public travel three years before, although no repairs were made in the meantime.

Remarks of counsel in closing argument are not objectionable if, as statements of fact, they are supported by the evidence, and as erroneous conclusions of law are deemed to have been corrected by proper instructions to the jury.

The fact that personal injuries for which recovery is sought were aggravated by improper treatment does not relieve the defendant from liability, in the absence of evidence that the plaintiff was negligent in the selection of the surgeons who attended him.

CASE, for negligence. Trial by jury and verdict for the plaintiff. Transferred from the April term, 1904, of the superior court by *Peaslee*, J. The case is the same as that reported in 72 N. H. 269.

The jury had a view of the premises. At the defendants' request, members of the panel measured what they considered to be the part of the road it was safe to travel upon, and found it to be twelve feet wide, and that eleven feet in width was the wrought portion of the road, free from grass and marked unevenness. At that time there was a drop of eight inches at a point twenty inches east of the shoulder of the road, and the slope continued at a slightly smaller angle for two feet farther. Beyond that there was a slope of about fifteen degrees for six or eight feet. The ground then rises slightly for eight feet, to a stone wall, and beyond the wall falls off at an angle of some thirty degrees. On the west side of the road the ditch is twenty-two inches below the shoulder of the road, and the descent is more abrupt than on the east side. The embankment on the east side is about fifty feet long. There was considerable travel over the highway.

Witnesses called by the plaintiff testified that shortly after the accident they made measurements and found that the road was then eleven feet wide from the west shoulder to the east wheel track of the cart, where it tipped over, that the slope began a foot east of the wheel rut, and that the ground fell off eighteen inches in a horizontal distance of twenty inches. They also testified that the eleven feet was all within the wrought portion of the highway. There was evidence that the road had flattened and broadened since the accident. It was admitted that no repairs had been made. There was no evidence, either from witnesses or the view, that the defect could not have been repaired by some other method than the erection of a railing. The defendants moved for a nonsuit, on the ground that there was no evidence of a dangerous embankment defectively railed. The motion was denied, subject to exception.

The plaintiff's injury consisted of a dislocation of the elbow. Her two attending physicians diagnosed the injury as "a fracture above the elbow and one below," and treated her accordingly until the condition of the disengaged joint was such that the removal of a large part of it was required to give any motion of the elbow. This left the arm without muscular control of the movement of that joint. Other physicians testified that the nature of the injury should have been discovered at once. The defendants excepted to an instruction that this would not relieve the town unless it appeared that the plaintiff was negligent in employing the physicians.

In his closing argument counsel for the plaintiff spoke of the road as "too high, too rounding, and too narrow," and said: "They might have made it safe by widening it out generally. . . . They could have made a place there wide enough, so that a horse shying out two feet would n't have gone over it; and a team would have gone safely over it if the road was all that wider. But it was n't." To these remarks the defendants excepted. No exception was taken to the charge to the jury.

*Taggart, Tuttle, Burroughs & Wyman* and *Martin & Howe*, for the plaintiff.

*Allin & Shurtleff*, for the defendants.

Walker, J. The defendant's motion for a nonsuit was properly denied unless it appears from the case that there was no sufficient evidence from which the jury could find that there was a dangerous, unrailed embankment in the highway, which was the proximate cause of the plaintiff's injury. Upon this point the

defendant argues that the decision of the case upon its former transfer (72 N. H. 269) cannot be regarded as a conclusive authority in favor of the plaintiff now, because, as it is said, the evidence disclosed a situation materially different from what it tended to prove at the first trial. Of course it was important for the plaintiff to establish by evidence that one of the right-hand wheels of the cart was carried over the embankment complained of. If it appeared that such was not the fact, it could not be found that the embankment caused the cart to tip over. At the view some of the jury measured that part of the road which they then considered to be safe for travel, and found it to be twelve feet wide. This statement in the case is regarded by the defendant in argument as equivalent to the express finding of a fact, or to a special verdict; and from it, in connection with portions of the testimony of some of the plaintiff's witnesses, also assumed to be correct, it is urged that it is mathematically demonstrated that the east wheel of the cart was not carried beyond that part of the road that was safe for travel; and hence that the dangerous embankment, if there was one in the highway where the accident happened, was beyond the place where the east wheels of the cart stood when it tipped over. One difficulty with this argument, which proves its unsoundness, is that it was not judicially determined at the view that the road was safe for travel for the width of twelve feet at the time of the accident, which occurred some three years before. If the jury had specially found that the road at the time of the view was safe for that distance, that fact could have been nothing more than evidence bearing on the question of its condition when the accident occurred. Although the road had not been repaired in the meantime, it does not necessarily follow that the wrought portion of it had remained unchanged, or that it presented the same condition that it did three years before. In fact, there was evidence that it had flattened and broadened since the accident. The defendant's argument, if addressed to the jury, might have had much weight, but it is not conclusive. The jury, upon other evidence in the case, may have found that the wheels of the cart did in fact go over an embankment in the highway, which, for want of a rail, was dangerous to public travel.

Nor is a new situation of the case presented by the fact that the embankment was in the wrought portion of the way; for that was the fact in the former case. The evidence there tended to show that the frightened horses carried "the right-hand wheels of the cart about two feet outside of the right-hand wheel rut and over the east side of the highway, just outside of the two-inch drop . . . at the outer edge of the wrought part of the highway, causing the cart to be overturned and the plaintiff to be thrown

out and seriously injured." It is evident that the declivity that caused the upsetting of the carriage, as described in the former case, was in the wrought portion of the highway near the easterly part thereof; and the same appears to be the fact in the present transfer. Whether, from the evidence relating to the condition of the road at the time of the accident and the material facts disclosed by the view, reasonable men might find that there was a dangerous embankment in the highway which was the cause of the plaintiff's injury and which might have been rendered reasonably safe by being railed, is a question of fact whose answer in the negative is not so evident as to preclude its submission to the jury. This matter was fully considered in the former opinion; and the facts now presented, if not identical with those then before the court, are not so materially different as to require a modification or new discussion of the legal principles then announced. *Amoskeag Mfg. Co.* v. *Head,* 59 N. H. 332, 337; *Weare* v. *Deering,* 60 N. H. 56.

As to the remarks of the plaintiff's counsel in his argument to the jury, it is not claimed that they were not supported by the evidence, but that they were calculated to give the jury a wrong impression of the law governing the defendant's liability. But the exception cannot be sustained; for so far as the remarks " were statements of fact, they were supported by the evidence; and so far as they were statements of law, they must be held, if erroneous, to have been corrected by the instructions to the jury." *Leavitt* v. *Telephone Co.,* 72 N. H. 290, 293.

The defendant excepted to an instruction in substance that if the plaintiff's injuries were greatly aggravated by the unskillfulness of the surgeons who attended her, that fact would not relieve the town unless it appeared that she was negligent in employing them. This was in accordance with the law as announced in this state (*Tuttle* v. *Farmington,* 58 N. H. 13; *Boynton* v. *Somersworth,* 58 N. H. 321), and no sufficient reason is urged for questioning its correctness.

*Exceptions overruled: judgment on the verdict.*

All concurred.