Coös,
Nov. 3, 1925.

### CHARLES BRODY *v.* JOHN GILBERT.

The statutory provision requiring the driver of an automobile to slow down and give a signal upon approaching any intersecting way, or curve or corner in a way, is designed for the protection of travelers approaching on an intersecting way, or from a curve or corner in the road where the view is obstructed.

The statute is not intended for the protection of pedestrians crossing the highway at other places, and as to them failure to comply with the requirements of the statute is not actionable negligence.

CASE, for personal injuries caused by a collision between the defendant's automobile and the plaintiff while the latter was crossing Pleasant street in Berlin. Trial by jury and verdict for the plaintiff. Transferred by *Sawyer*, J., upon the defendant's exception to the charge.

*Ovide J. Coulombe* (by brief and orally), for the plaintiff.

*Shurtleff, Oakes & Hinkley* (*Mr. Oakes* orally), for the defendant.

SNOW, J. Pleasant street, running north and south, crosses Mechanic street at right angles. The defendant, driving his car southerly upon Pleasant street, hit the plaintiff while crossing that street on foot at a point about thirty-two feet southerly of its intersection with Mechanic street. The plaintiff's evidence tended to show that the defendant neither slowed down his car nor sounded his horn on approaching this intersection, as required by a provision of Laws 1915, c. 129, s. 7 (amending Laws 1911, c. 133, s. 12), viz., "Upon approaching any intersecting way or curve or corner in a way, every person operating a motor vehicle shall slow down and give timely signal with his bell, horn, or other device for signaling."

The defendant excepted to an instruction that his disobedience of the statute was a ground for recovery.

Actionable negligence is the breach of a duty owed by the defendant to the plaintiff. Where there is no duty there is no negligence. *Hughes* v. *Railroad*, 71 N. H. 279, 284, and cases cited. The purpose of the requirements of the statute is to warn and protect travelers who may be approaching on an intersecting way, or from a curve or corner in the road where the view is obstructed. *Dow* v. *Latham*, 80 N. H. 492, 498, 499. The plaintiff was not such a traveler. As the statutory provision imposed upon the defendant no duty toward one in the plaintiff's situation it follows that disobedience of its requirements was not an actionable wrong against him. *Garland* v. *Railroad*, 76 N. H. 556, 565, 567. As the jury were permitted to base their verdict upon an untenable ground the defendant's exception is sustained. As there was other evidence of the defendant's negligence there must be a new trial.

*Exception sustained: new trial.*

All concurred.