Hillsborough,
June 2, 1936.

JENNIE B. DEMERS *v.* ESTHER FLACK.

*Sullivan & Sullivan* and *Thomas E. Dolan* (*Mr. Dolan* orally), for the plaintiff.

*Devine & Tobin* (*Mr. Tobin* orally), for the defendant.

WOODBURY, J. The plaintiff contends that the shock of the collision caused the top of her head to come into violent contact with some part of the interior of her car and that soon after the accident she suffered severe pain in her head and jaw. About three weeks after the accident x-ray pictures of her teeth were taken and they disclosed a fracture of the root of one of her molars. This condition necessitated the extraction of that tooth and thereafter her jaw became swollen, painful and finally immobile. For this condition she required hospital treatment, was unable for several weeks to take anything but liquid nourishment and suffered great pain.

The defendant takes the position that there is no evidence in the case sufficient to warrant the finding either that she suffered the broken tooth in the accident, or that the immobility of her jaw was more probably due to the broken tooth than to its extraction.

I. The interpretation of the evidence most favorable to the plaintiff indicates that a severe blow on the top of the head may cause the jaws to close violently, and if it does and the teeth come together out of alignment, such a blow may cause the fracture of a tooth. The record is clear that the plaintiff received a blow on her head, but it is silent as to whether this blow caused her jaws to snap together, or, if it did, that the teeth struck out of alignment. From this lack of evidence the defendant argues that a finding that the plaintiff's

tooth was broken in the accident would be one based, not upon evidence, but upon guess or conjecture.

The defendant's position would be well taken if the above evidence was all that there was in the case on the question of the cause of the plaintiff's injury. *Nadeau* v. *Stevens*, 79 N. H. 502. But the case at bar differs from the case last cited in that here there is other evidence on the subject. The plaintiff testified that before the accident her teeth were in excellent condition and gave her no trouble. This testimony was corroborated by her dentist. She also testified that within a few hours thereafter they did give her pain, and her dentist testified that the x-ray photographs indicated a recent fracture which must have resulted from a severe blow, either directly on the tooth, or on some part of her head which caused her teeth to come together out of position. The plaintiff testified that the only such blow she had ever received was the one caused by the collision. From this testimony the inference is strong that her tooth was fractured in the accident.

While it is true that the evidence claimed to be insufficient indicates no more than that the tooth could have been broken in the accident, it is also true that the other evidence referred to above indicates that it probably did occur at that time. Taken in connection with the other evidence in the case, the evidence claimed inadequate indicates that the injury could have occurred in the way in which it probably did occur. As such, it was properly received.

II. The plaintiff's dentist, who extracted her tooth, testified that the subsequent immobility of her jaws may have been due to the fracture of the tooth, or may have been due to its extraction; he could not say which was the cause. This does not afford a ground for removing from the consideration of the jury the immobility of her jaws as an element of damage, however. There being evidence that the tooth was fractured in the accident and that its removal was required because of the fracture, it follows that the extraction was the direct, logical consequence of the collision. Even though her serious pain and suffering was caused by the extraction, still the defendant is liable for it, because there is no evidence that the plaintiff was negligent in her choice of a dentist. This exception must also be overruled. *Tuttle* v. *Farmington*, 58 N. H. 13; *Boynton* v. *Somersworth*, 58 N. H. 321; *Seeton* v. *Dunbarton*, 73 N. H. 134.

III. In his charge the court read to the jury the following ordinance of the city of Manchester: "The driver of a vehicle emerging from an alley, driveway or building shall stop such vehicle immediately

prior to driving onto a sidewalk or onto the sidewalk area extending across any alleyway." He then charged that since it was admitted that the defendant had violated the ordinance, the jury could find her legally at fault for the accident if the violation was causal. The defendant took adequate exception to this portion of the charge.

The ordinance, by its terms, requires the driver of a vehicle emerging from a driveway to stop only when there is a sidewalk or sidewalk area bordering the travelled part of the highway which he is about to enter. When there is no sidewalk, he is not called upon to stop. Furthermore, he is called upon to stop, not before driving into the highway itself, but before "driving onto a sidewalk or onto the sidewalk area." From this it seems evident that the design of the ordinance is to protect pedestrians, not the drivers of other vehicles upon the street. Since the plaintiff was not a pedestrian but the driver of a vehicle, she is not one of that class of persons which the ordinance was designed to protect. It follows that it was error to have submitted the violation of the ordinance as a ground for the imposition of liability. *Brody* v. *Gilbert*, 82 N. H. 158; *Flynn* v. *Gordon*, 86 N. H. 198, 200, and cases cited.

*New trial.*

All concurred.