Merrimack,
May 3, 1938.

PETER BELLEVANCE *v.* PIERRE A. BOUCHER.

*Murchie, Murchie & Blandin* (*Mr. Alexander Murchie* orally), for the plaintiff.

*Demond, Woodworth, Sulloway, Piper & Jones* (*Mr. Piper* orally), for the defendant.

*Per Curiam.* The parties were driving in opposite directions on a straight stretch of concrete roadway. The defendant's car after passing a bus began skidding and he was unsuccessful in his effort to return to his right hand lane and straighten the car's course. Continuing to skid it struck the plaintiff's car when they were opposite each other.

Evidence was introduced that it was "raining awfully hard," that the tires of the defendant's car were "worn down fairly smooth," and that when the car passed the bus, its speed was from 30 to 35 miles an hour. Under the conditions existing the defendant's fault for causing the skidding, and hence the ensuing collision, was properly found.

The main contention is whether the plaintiff's contributory fault was demonstrated as matter of law. He saw the defendant's car skidding and out of control as he approached it. Either of two courses of conduct would have avoided the collision. He might have stopped his car when he first noticed the skidding, or he might have seasonably driven it out on a gravel roadway at his right. He undertook this latter means of escaping the danger, but too late.

However, neither his failure to stop nor his delay in turning off the concrete roadway proves his negligence beyond question. The time he had in which to take reasonable appraisal of the danger and act upon his appreciation of it was not so ample that a finding of taking no care or of taking too much time in using care must be directed.

When he first noticed the skidding, the defendant's car was astride the line between the two lanes of concrete roadway and it was swerving about three feet back and forth from one side to the other. He thought it would be straightened out in its course, brought fully on the right hand lane, and proceed thereon. The indications that it would not were not so impressive as necessarily to charge him with "wrong thinking" (*Collette* v. *Railroad*, 83 N. H. 210, 217), and he was not necessarily at fault for taking the time he did to realize that it was no longer safe to continue to travel on the concrete roadway. When he did thus realize his danger, if the time for saving action had not passed, yet fault in his choice or manner of action is not an imperative conclusion.

The plaintiff marked on the plan in evidence at the trial a point about 200 feet from the place of collision to indicate where he first saw the defendant's car skidding, but he testified that he could not tell accurately "within forty feet" of where he was. He estimated his own speed at from 25 to 30 miles an hour. The effect of his testimony is that he had not over four and a half seconds in which to act. He estimated the speed of the defendant's car at from 35 to 40 miles an hour and when he first noticed its swerving it was about 400 feet distant as he thought. An allowance of half the time from his first notice of the skidding to the collision for realizing the need of leaving the concrete roadway would not be unreasonable, and the time then remaining might well be insufficient to escape the collision, while the effort to escape by leaving the roadway instead of by stopping his car was a choice and method not necessarily faulty even if mistaken.

The case is not one of inattention to or disregard of a known danger with time to act, but of time too short for sensing and realizing the danger and the need of taking saving action and then for taking such action. The issue was for the jury.

*Judgments for the plaintiff.*