Rockingham, } No. 3263.
Nov. 4, 1941. }

NETTIE E. HERSEY *v.* STEPHEN S. FRITZ.

*William H. Sleeper,* for the plaintiff.

*Thorp & Branch (Mr. Branch* orally), for the defendant.

ALLEN, C. J.   While driving southerly in the evening on Vaughan Street in Portsmouth close to the westerly sidewalk curb the defendant stopped his car suddenly to avoid striking some children who

ran out in front of it from the sidewalk. The plaintiff was sitting at the defendant's side and the sudden stop threw her forward, her head being wounded by hitting against the dashboard of the car.

The evidence discloses no conduct of negligence in the sudden stop of the car. Instant and effective action was a peremptory demand to avoid running into the children who unexpectedly and without warning came into the path of the car. Their action created an emergency of which the defendant had no notice giving him time to come to a slower stop without striking them. They ran so quickly into the roadway of the street and were so close in front of the car that the defendant after becoming aware of their presence fairly could not be expected to take thought before taking action. The claim that in care he should have swung his car to the left instead of making a sudden stop is untenable. He took the action that cannot reasonably be found improper or imprudent. At most it is conjectural whether a turn of the car to the left would have been effective to avoid hitting the children, in view of their close proximity to the car when the defendant first saw them. Their course in running out into the roadway might well have extended into the path of the car veered to its left as much as the time in which action could be taken permitted.

If liability can be found, it is in the speed of the car as a contribution to the emergency which made the sudden stop necessary. The defendant testified to a speed of from 20 to 25 miles an hour. There is no reliable evidence of a greater speed.

The plaintiff testified to a "very fast" speed. She also testified that she warned the defendant that he was driving "much too fast" in going over the railroad tracks where it was "quite bumpy" and which crossed Vaughan Street not far northerly of the place of the accident. But she could not estimate the speed, and the indefinite generality of her opinion gives it doubtful value as evidence. Whatever weight it might otherwise have, its tendency to show a greater speed than the defendant admitted is greatly weakened by her account of the accident given and signed by her about a month after it. In the account she stated that the defendant "was not going fast but was driving carefully." She admitted that her memory was better at the time of the statement than at the time of the trial, and she made no claim of having falsified or of being misquoted. The suggestion that she might have been sick when the statement was given is not explanatory in the absence of evidence that she was in fact unable to give a reliable account at the time of it. The account in its entirety is coherent, definite and clear. Its authentic character is marked.

In credulity, mistake or falsehood might be found, but hardly in reasonable inference. The admission against interest is so weighty and positive that it must go far to discredit the contradictory testimony of self-interest. A jury's function to find facts must be exercised under the guidance of fair deductions, and evidence on which to base deductions must be in some fair measure reliable as well as relevant. The rule in *Harlow* v. *Leclair*, 82 N. H. 506, holding a party to his testimony of facts peculiarly within his knowledge, is not here applied, but the reasons for the rule aid in support of the conclusion reached. The conclusion is that the testimony is too lacking in probative force to make it acceptable evidence from which a reasonable inference of the defendant's speed in excess of his estimate of it can be drawn.

It is thought that the defendant cannot be charged with a duty to proceed at a lower speed than that shown by the evidence. The plaintiff is not entitled to rely on any breach of statutory duty to other travelers. *Brody* v. *Gilbert*, 82 N. H. 158; *Sweeney* v. *Railroad*, 87 N. H. 90, 93; *Demers* v. *Flack*, 88 N. H. 184, 186, 187. The inquiry is whether the defendant should have anticipated that his speed unduly endangered her. The occasion for foresight of the need of a stop so sudden as to be likely to cause her to be hurt is considered too slight to make the foresight a reasonable requirement. In required anticipation the situation presented no features of warning that such a stop would be required. The speed permitted a safe and time-taking stop for expectable contingencies. The defendant was watchful, the car was under control, and the roadway was straight in its course with a clear view ahead and free from other travel. While the street was narrow and while the defendant knew that persons habitually gathered on the sidewalk to talk and that children "played around there," there was no evidence of any use of the roadway for those purposes. The defendant was ready to meet such exigencies of travel as were reasonably expected to be encountered without disregard of the plaintiff's safety. To hold that the emergency in which he found himself was partly his own creation would require foresight to be the equivalent of hindsight. This is not a reasonable requirement. It is common knowledge that under the conditions disclosed cars are in general driven at a speed not lower than the defendant's.

*Plaintiff's exceptions overruled.*

BRANCH and BURQUE, JJ., did not sit: the others concurred.