Strafford, May 7, 1946. } No. 3572.

ALPHA L. BOLDUC *v.* HARRY STEIN.

*William H. Sleeper* (by brief and orally), for the plaintiff.

*Charles F. Hartnett* (by brief and orally), for the defendant.

BURQUE, J.    The accident happened sometime in the afternoon. A heavy damp snow was falling and the road was slushy and slippery. The road for some distance north and south of the point of collision was straight and on a slight grade.    The roadbed was of concrete, two nine-foot slabs, with narrow shoulders fifteen to eighteen inches wide and steep banks immediately next to the shoulders on each side of the road.    Each car was equipped with but one windshield wiper, on the left-hand (driver's) side of the cars.    The snow was heavy and sticky enough to interfere with a view through the windshields on the right-hand side.    The car in which the plaintiff was riding was travelling northerly at a speed of twenty-five miles per hour while defendant's truck was travelling southerly at a speed of fifteen miles per hour.    As the Lessard car reached the brow of a hill some 400 feet south from the point of collision, his (Lessard's) right-hand wheels were on the shoulder.    Defendant was then on a black tar part of the road some distance north of the culvert where the collision occurred. There is nothing in the evidence to indicate how far north this black tar part was.    It extended 40 feet north and south, but its distance to the point of collision was not measured.    Lessard tried to bring his car back in the center of the easterly cement slab.    He said he tried that once while his passenger, the plaintiff, who was sitting on the right-hand side of the rear seat says he tried it twice.    While so doing the car swayed, swerved, and finally skidded, as the plaintiff puts it. Lessard says it skidded first to the right, then to the left, across the road and in the path of defendant's truck.    No one undertakes to state with any degree of approximation where the Lessard car was when it started skidding and went across the road.    In spite of all efforts on the part of plaintiff's, Lessard's and defendant's counsel, Lessard is unable to give the faintest idea of the distance that separated the cars at that time; all he can say is that there was "a fair distance."    Plaintiff cannot help because, due to the snow on the windshield on his side of the car, he at no time saw the defendant's truck.    So plaintiff's counsel in desperation, undertakes to establish the distance that must have separated the cars at the time defendant's driver should have become aware of impending danger by this driver himself.    He relies on his testimony to the effect that "turning on top of the hill it started to skid," a distance of 400 feet south of the

point of collision as claimed by the plaintiff in his brief. Plaintiff further claims that the car then skidded some 200 feet before he collided with the defendant's truck.

Dionne says that when Lessard's car arrived at the top of the hill and proceeded along he (Lessard) was on his right-hand side of the road. This is fully and definitely supported by Lessard himself and the plaintiff. When then did Lessard's car start skidding across the road, and what was the distance between the cars at the time? In spite of plaintiff's efforts in argument to establish this issue the question remains unanswered. Even if we should accept plaintiff's above-stated claim it cannot be said that defendant's driver discovered Lessard skidding across the road towards him in sufficient time for saving action. The evidence as to the distance which separated the cars when the skidding occurred is too indefinite to warrant a conclusion in support of plaintiff's claim.

The only duty defendant owed the plaintiff was to exercise due care to avoid injuring him, and "since due care 'requires the protection of another only against perceivable or expectable risks of injury, it follows that the actor is liable only for such harm as results from the other's exposure thereto.' *Flynn* v. *Gordon,* [86 N. H. 198]." *Loughlin* v. *Johnson,* 89 N. H. 191, 194.

In a case where the facts are quite comparable to the one at bar, the court said, in connection with plaintiff's claims that defendant should have driven to one side of the road, or stopped, holding that the claims were untenable: "Only luck, not judgment or care, could lead the defendant to that precise spot in advance of the last unforeseeable loop entered into by the Martin car. And the same observation applies to the contention that due care demanded a slackening of speed by the defendant, or even a full stop. The conclusion that failure so to act was causal negligence would be an unwarranted guess." *Morin* v. *Morin,* 89 N. H. 206, 210. See also *Hersey* v. *Fritz,* 91 N. H. 484; *Levigne* v. *Nelson,* 91 N. H. 304; *Bellevance* v. *Boucher,* 89 N. H. 361.

And so in this case it would be pure speculation to undertake to determine that there is enough evidence to establish the fact that defendant should have perceived and appreciated the danger of risk and injury to the plaintiff in time to have required him to take saving action by either turning to the left, slowing down, or stopping, and thus prevent the collision.

We need give but scant consideration to the issue of excessive speed on the part of the defendant. If excessive speed was a contributing

factor in the accident it was necessarily that of Lessard, for as plaintiff claims Lessard was 400 feet from the point of collision while defendant at best was 200 feet away. Lessard says he was travelling 20 to 25 miles per hour. It follows that whatever speed he was travelling at he had to go twice as fast as the defendant, who admits he was travelling at the rate of 15 miles per hour. It follows that any attempt to determine the relative speeds of the vehicles involves and confuses the case more and more, and the problem, whichever way we look at it, resolves itself with greater force in favor of the defendant.

Nor do we have to give any more consideration to the claim that defendant could have avoided the accident by turning to his left. Nothing but mere guess could warrant a conclusion that by so doing the collision would have been prevented. *Morin* v. *Morin, supra.* The nonsuit was properly granted.

The plaintiff's exception to the denial of his motion for a new trial presents no question of law.

*Judgment for defendant.*

All concurred.