AGNES HERNDON, *Adm'x v*. JOHN H. MOORE.

AGNES HERNDON *v*. SAME.

*Robert J. Doyle* (by brief and orally), for the plaintiff.

*Jewett & Jewett* and *Thomas J. McIntyre* (*Theo S. Jewett* orally), for the defendant.

KENISON, J. In considering the motions for a nonsuit and a directed verdict only the evidence that is most favorable to the plaintiff is considered. It appears that the summary made in behalf of the plaintiff, quoted above, construes the evidence in that light.

The situation that confronted the defendant is similar to the example cited in *Mack* v. *Hoyt*, 94 N. H. 492, 494: " . . . the usual skid of a motor vehicle going out of control and abruptly crossing from one side of the road to the other. Generally it is impossible to predict when a skid is going to happen and to avoid the collision after the loss of control and the highway in front of one is blocked. It may not be possible to leave the traveled way or when it is to foresee where the skidding car will go or to keep clear of it. Seldom is there time for reflection."

In view of the slippery condition of the road, the snow banks on each side thereof, and the changing course of the plaintiff's vehicle sliding crosswise down the hill, there is no evidence that the defendant could have avoided the collision. But the evidence discloses that the defendant was on his side of the road and that he was traveling at a legal rate of speed. Neither the plaintiff's intestate nor the defendant could reasonably predict the erratic course of the plaintiff's vehicle before it stopped skidding and sliding.

The defendant's action of keeping the car in motion without applying his brakes was as reasonably calculated to avoid contact with the plaintiff's vehicle, as if he had stopped. The defendant's actions at least had the merit of enabling him in the few seconds involved to maneuver his vehicle if occasion should arise. If the defendant had stopped he obviously would have been unable to take any saving action in the last seconds before the collision.

Considering only the evidence favorable to the plaintiff there does not appear to be anything that the defendant did which can be described as negligent conduct on his part. *Bolduc* v. *Stein*, 94 N. H. 89. The plaintiff's claim that he should have stopped or slackened his speed on an icy road when traveling up hill was considered in the somewhat comparable case of *Morin* v. *Morin*, 89 N. H. 206, 210: "Only luck, not judgment or care, could lead the defendant to that precise spot in advance of the last unforeseeable loop entered into by

the Martin car. And the same observation applies to the contention that due care demanded a slackening of speed by the defendant, or even a full stop. The conclusion that failure so to act was causal negligence would be an unwarranted guess."

In view of the result reached that there is no evidence of negligence on the part of the defendant it is unnecessary to consider the claim of contributory negligence and the exceptions to the Court's charge to the jury.

*Judgment for the defendant.*

All concurred.